RHODE ISLAND UNEMPLOYMENT COMPENSATION BOARD *vs.*
EDWIN H. CONWAY.

APRIL 28, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This proceeding was begun November 27, 1945 by a complaint under oath made by the prosecuting officer of the state unemployment compensation board, designated herein as the board, that the defendant, being an employer, had knowingly failed or refused to make contributions and reports required of him at the time and in the manner prescribed by regulations of said board, contrary to the provisions of general laws 1938, chapter 284, as amended. Thereupon a warrant was duly issued and the defendant was subsequently arraigned and found guilty thereunder. He appealed to the superior court where a jury returned a verdict finding him guilty as charged. Thereafter his

motion for a new trial was denied by the trial justice and defendant then duly prosecuted his bill of exceptions to this court.

It appears from the evidence that on September 10, 1945 defendant was notified in writing by the board that he had become subject to the provisions of the state unemployment compensation act, hereinafter referred to as the act, and was considered a registered employer by reason of having had four or more persons working for him for twenty weeks during that calendar year. Later he was also notified by the board that under the terms of the act it was his duty to file certain reports and make financial contributions but he has never sent any contributions to the board. At the trial in the superior court defendant did not testify and offered no evidence by way of defense to the charge made against him. He did request the trial justice to rule that the act was unconstitutional and to dismiss the case. This the trial justice refused to do.

Defendant's bill of exceptions contains three exceptions, the first two raising the question of the constitutionality of general laws 1938, chapter 284, as amended, which is the act in question, and the third being to the denial of his motion for a new trial. It is clear that the exception last mentioned is without merit. By the evidence a prima facie case of statutory violation was made out against defendant who offered no factual defense thereto. The ruling of the trial justice on the motion for a new trial was correct and defendant's third exception is overruled.

Defendant's principal contention is that the act is unconstitutional, not because it violates any provision of the constitution of this state, but apparently because it is contrary to portions of articles V and XIV of amendments to the constitution of the United States. In general defendant argues that although the purpose of the act may be good, nevertheless it embodies a wrong philosophy and strikes at people's freedom; that social legislation of the kind in question should first be submitted to the voters or

be on a voluntary basis and not compulsory; that the act is discriminatory in nature as between employers of only three persons and employers of four or more, as well as in other respects; and that as far as an employer is concerned it takes his private property for public use without just compensation in violation of said article V.

The part of article XIV involved herein reads as follows: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." We have carefully considered the contentions advanced by defendant and have come to the conclusion that in the main they raise questions of legislative policy, with which we are not concerned, rather than questions relating to legislative power under the constitution.

With reference to article XIV of amendments to the constitution of the United States, practically all the defendant's objections were discussed in *Carmichael* v. *Southern Coal & Coke Co.*, 301 U. S. 495, in which it was held that the unemployment compensation act of the state of Alabama, apparently similar in principle to our act, was constitutional and not contrary to the provisions of that article. In its opinion, to which reference may be had for further particularization, that court discussed fully the many contentions made in support of the view that the act before it was contrary to said article and refused to adopt any of them. In our judgment the instant case is governed by *Carmichael* v. *Southern Coal & Coke Co.*, *supra*, and we find that G. L. 1938, chap. 284, as amended, does not violate the provisions of article XIV of amendments to the constitution of the United States for any of the reasons brought to our attention. In so deciding we are not called on to pass upon the manner in which the board has construed or administered the act, as such questions are not now before us.

In respect to article V of amendments to the constitution of the United States, it is our opinion that it has no application to the issues raised in the case at bar. In *Joslin Mfg. Co.* v. *Clarke,* 44 R. I. 31, this court, at page 32 of its opinion, used the following language: "The first ten amendments to the federal constitution are restrictions on the powers of the federal government and not upon the powers of the State governments."

Finally, courts of last resort in many states have upheld the constitutionality of their respective unemployment compensation acts which in general basically resemble the act now before us. The following cases are examples of such holdings: *Howes Brothers Co.* v. *Unemployment Compensation Comm'n,* 296 Mass. 275; *Maine Unemployment Compensation Comm'n* v. *Androscoggin, Jr., Inc.,* 137 Me. 154; *Zelney* v. *Murphy,* 387 Ill. 492; *Hickenbottom* v. *McCain,* 207 Ark. 485.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Robert K. Argentieri,* for plaintiff.

*Edwin H. Conway, pro se,* for defendant.